IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL KOPRIVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-14-854-C |
| | ) |
| GEOFFREY J. THOMPSON; NANCY THOMPSON; GWS FINANCIAL SERVICES, INC.; SYNERGISTIC HOLDINGS, LLC; ACCELERA INNOVATIONS, INC.; and ROBERT C. ACRI, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present action alleging breach of contract, as well as several state law torts. According to Plaintiff, he loaned money to Geoffrey J. Thompson and Nancy Thompson ("Thompson Defendants"), which has not been repaid. Plaintiff alleges that he has attempted to work out several agreements with Defendants[1] but despite many promises, no payments have been made. Plaintiff recently filed an Amended Complaint naming Defendant Acri. According to the Amended Complaint, Defendant Acri represented Defendants in negotiating a Forbearance Agreement and those negotiations were directed at Plaintiff while he was present in Oklahoma. Plaintiff alleges that in negotiating the Forbearance Agreement, Defendant Acri worked in concert with Defendant Geoffrey

---

[1] Plaintiff alleges Defendants GWS Financial, Synergistic Holdings, and Accelera Innovations are entities owned or controlled by the Thompsons that were involved in various agreements to repay the debt owed. Unless otherwise noted, the Court will refer to these entities as well as the Thompsons as Defendants.

Thompson to attempt to persuade Plaintiff to drop a complaint filed with the Illinois Department of Securities. Plaintiff also alleges that Defendant Acri is the alter ego of Defendant Accelera and that Plaintiff was promised shares of Accelera as repayment of the loan.

Defendant Acri seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2), arguing the Court cannot exercise personal jurisdiction over him. Defendant Acri argues that he has only been in Oklahoma one time, when he traveled through the state while on vacation. Defendant Acri asserts only one business dealing within the state on a matter wholly unrelated to the issues in this lawsuit. Finally, Defendant Acri argues his only other connection to the state was through telephone calls and e-mails with Plaintiff's counsel.

The principles governing the disposition of jurisdictional motions to dismiss under Rule 12(b)(2) are well settled. Generally, a plaintiff bears the burden of proof to establish that jurisdiction over the parties is proper. In the context of pre-trial motions to dismiss decided without a hearing, a plaintiff must make only a prima facie showing as to the propriety of personal jurisdiction.

> In ruling on motions under Rule 12(b)(2), the Court considers the averments of the complaint, and the affidavits and other evidentiary materials submitted by the parties. The well pled factual averments of the complaint are accepted as true, unless controverted by defendants' evidentiary materials. Factual disputes arising from the evidentiary materials are resolved in favor of plaintiffs.

McClelland v. Watling Ladder Co., 729 F.Supp. 1316, 1317-18 (W.D. Okla. 1990) (internal citations and footnote omitted).

The issue is whether a defendant's contacts with the forum state are adequate so that any exercise of jurisdiction would not "offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted). Here, Plaintiff argues Defendant Acri's contacts are adequate based on Acri's participation in negotiating the Forbearance Agreement, as that document gives rise to at least some of Plaintiff's claims against Acri. The Tenth Circuit has stated: "[A] court may, consistent with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has "purposefully directed" his activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities.'" OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090-1091 (10th Cir. 1998) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (internal quotations omitted)). In analyzing a defendant's contacts in specific personal jurisdiction queries the court must determine if the contacts "represent an effort by the defendant to 'purposefully avail[] itself of the privilege of conducting activities within the forum State.'" Rambo v. American S. Ins. Co., 839 F.2d 1415, 1419 (10th Cir. 1988) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

In light of the minimal prima facie showing required at this stage, the Court finds it may exercise personal jurisdiction over Defendant Acri. Plaintiff has alleged facts which, if proven, would demonstrate that Defendant Acri engaged in negotiations with Plaintiff while Plaintiff was located in Oklahoma and that the substance of those negotiations gave rise to the present litigation.

Plaintiff has made a prima facie showing of personal jurisdiction as to Defendant Acri. Accordingly, Defendant Robert C. Acri's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 29) is DENIED.

IT IS SO ORDERED this 7th day of November, 2014.

ROBIN J. CAUTHRON
United States District Judge